WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Edward Rodriguez,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | CIV 15-1445-PHX-SRB (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT COURT:

Petitioner Vincent Edward Rodriguez, who is confined in the Arizona State Prison Complex, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and a Memorandum in support thereof (Doc. 3). Respondents filed an Answer and Petitioner filed a Reply (Docs. 8, 9, 13).

## BACKGROUND[1]

Petitioner was released from prison to a halfway house in October 2002, but less than a month later, he absconded. (Exh. A at 1.) On May 3, 2003, he was arrested after police found methamphetamine in his possession. (Id.) He tried to flee, but following a chase, he was caught. (Id.)

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 8 – Respondents' Answer.

1    He was charged by Information on May 13, 2003, in case CR2003-013217, with one count of knowingly possessing methamphetamine, a dangerous drug, and one count of resisting arrest. (Exh. B.) Petitioner pled guilty pursuant to a plea agreement to the possession of dangerous drug charge. (Exh. C.) He was scheduled to be sentenced on October 8, 2003, but failed to appear and a warrant was issued for his arrest; he was not arrested until August 16, 2004. (Exh. D.) On September 29, 2004, the trial court suspended imposition of sentence and placed him on probation for 3 years. (Exh. E.)

On August 2, 2006, Petitioner approached a Phoenix Police undercover officer and asked the officer if he was looking for any "weed or glass." (Exh. F.) The officer gave him $20.00 and Petitioner went to a nearby apartment and obtained methamphetamine, returned, and gave the officer half the contents of the baggie. (Id. at 1.)

On August 20, 2006, Petitioner was arrested for apparently unrelated new charges of possession of marijuana and possession of drug paraphernalia, and for violating probation in CR2003-013217. (Id. at 2.) When Petitioner failed to report for his probation violation hearing, a bench warrant was issued. (Id.)

A few months later, on November 29, 2006, Petitioner was indicted in case CR2006-012527 for 1 count of sale or transportation of dangerous drugs, a class 2 felony for the sale to the undercover officer on August 2nd. (Exh. G.) Given his absconder status, Petitioner was not arraigned on this new charge until March 16, 2009. (Exh. H.)

In CR2006-012527, on June 22, 2009, Petitioner entered into a plea agreement with the State in which he agreed to plead "no contest" to the charge, in return for the State agreeing to a concurrent sentence with the sentence in CR2003-013217, and for dropping its allegations of prior felony convictions, committing a felony while on probation, and committing a felony while on release. (Exh. I.)

On July 29, 2009, the trial court sentenced Petitioner pursuant to his plea agreement for the 2006 charge and, after revoking Petitioner's probation for the 2003 offense. (Exh. J.) For the 2006 charge, the trial court sentenced Petitioner to prison for 7.5 years flat-time and for the 2003 offense, to 2.5 years. (Id.) Both sentences began to run from July 29, 2009, with

- 2 -

1  credit for presentence incarceration on both. (Id.) Petitioner is no longer in custody under the 2.5-year sentence in CR2003-013217.

3  On September 9, 2009, Petitioner timely filed a notice of post-conviction relief ("PCR"), listing both cases. (Exh. K.) Appointed counsel reviewed Petitioner's cases, and on June 18, 2010, notified the court that counsel was unable to find any claims for relief. (Exh. L.) Petitioner filed his PCR petition on February 1, 2011, but the PCR court subsequently struck it because the petition did not comply with the Arizona Rules of Criminal Procedure, including Rule 32.5's restriction of the PCR petition to 25 pages in non-capital cases. (Exh. M.) The court allowed Petitioner the opportunity to re-file a PCR petition in compliance with the Rules.

11  Eventually, after various trips to the Arizona Court of Appeals by appeal and special action, and a multitude of extensions of time, on December 19, 2011, Petitioner re-filed his PCR petition, which the PCR court accepted as timely. At the conclusion of the briefing, on April 24, 2012, a new judge entered an Order finding various claims precluded, and others not colorable by virtue of Petitioner's no-contest plea, but ordered an evidentiary hearing on two claims. (Exh. N.)

17  At the time set for the evidentiary hearing, the PCR court vacated its order granting Petitioner's motion to appoint counsel. (Exh. O.) The PCR court also vacated its April 24, 2012 order for an evidentiary hearing. (Id. at 2.) The PCR court explained that, given Petitioner's "multiple pleadings," it had mistaken Petitioner's stricken February 2011 petition for the December 2011 petition. (Id.) Because Petitioner had not complied with Rule 32.5 in either of his PCR petitions, the PCR court struck the December 2011 petition and, on May 24, 2012, dismissed the PCR proceedings. (Id.)

24  Petitioner petitioned the Arizona Court of Appeals to review the dismissal of his December 2011 PCR petition. On October 30, 2013, in a Memorandum Decision, the Court granted review, but denied relief. (Exh. P.) The Court found that Petitioner's December 2011 PCR petition failed to comply with Rule 32.5 and thus the Court found "no error in the trial court's decision to strike Petitioner's petition and dismiss the proceedings." (Id. at ¶ 7.) The

1 Court stated "a petition exceeding the page limit by approximately one hundred pages cannot 2 reasonably be characterized a 'defect of form' as contemplated by [Criminal Procedure Rule 3 32.6(c)]." (Id.)

4 Petitioner petitioned the Arizona Supreme Court to review the Memorandum Decision 5 of the Arizona Court of Appeals. On July 25, 2014, the Arizona Supreme Court denied 6 review. (Exh. Q.)

7 More than a year later, on July 28, 2015, Petitioner filed his habeas petition in this 8 Court challenging his conviction and sentence in CR 2006-012527. (Doc. 1.) Petitioner raises 9 11 claims for relief.

> Claim 1: The state court lacked subject matter jurisdiction over Petitioner's prosecution for sale or transportation of dangerous drugs because the term "transportation" is not defined in the relevant statutes. (Id. at 9-10.)
>
> Claim 2: The state court lacked subject matter jurisdiction over Petitioner's prosecution because the indictment failed to allege "jurisdictional FACTS constituting an offense." (Id. at 11; emphasis original.)
>
> Claim 3: The state court lacked subject matter jurisdiction over Petitioner's prosecution because the indictment alleged more than one offense in one count. (Id. at 12-13.)
>
> Claim 4: The indictment failed to describe an offense with sufficient specificity. (Id. at 14.)
>
> Claim 5: The police violated Petitioner's Fourth Amendment rights during the arrest on March 7, 2009. (Id. at 15-17.)
>
> Claim 6: Petitioner was held without bond in violation of the federal constitution. (Id. at 18-22.)
>
> Claim 7: Petitioner's attorney threatened to commence competency proceedings if Petitioner kept questioning his lack of pre-trial release and thus causing him to plead no-contest pursuant to a plea agreement. (Id. at 22-25.)
>
> Claim 8: The settlement judge coerced Petitioner into pleading no-contest by not explaining the standard of proof for the elements of the crime and suggesting that Petitioner would lose if he went to trial. (Id. at 26-27.)
>
> Claim 9: Rule 32.5 of the Arizona Rules of Criminal Procedure limiting PCR petitions in non-capital cases to 25 pages is unfair and his 87-page February 2011 petition should not have been stricken. (Id. at 28-31.)
>
> Claim 10: In sentencing Petitioner, the state court failed to determine when Petitioner's eligibility to receive public benefits would be restored. (Id. at 32-33.)

Claim 11: It is a violation of the federal constitution that after Petitioner completes his flat-time sentence; he will have to spend a year term of community supervision. (Id. at 34-37.)

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis

- 5 -

v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See id. Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under the AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. On July 29, 2009, the trial court sentenced Petitioner under the plea agreement. By pleading guilty, Petitioner waived his right to a direct appeal, and had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Petitioner filed a notice of post-conviction relief on September 9, 2009, thereby tolling the limitations period on that date. See Isley, 383 F.3d at 1055-56 (in Arizona, filing a notice of post-conviction proceedings begins tolling under AEDPA). Petitioner filed his PCR petition on February 1, 2011, but the PCR court struck it because the petition did not comply with

Rule 32.5 of the Arizona Rules of Criminal Procedure. (Exh. M.) The court allowed Petitioner the opportunity to re-file a PCR petition in compliance with the Rules.

On December 19, 2011, Petitioner re-filed his PCR petition. Ultimately, however, because the Court found that Petitioner had failed to comply with Rule 32.5 in any of his PCR petitions, the PCR court struck the December 2011 petition and, on May 24, 2012, dismissed the PCR proceedings. (Exh. O.) On October 30, 2013, in a Memorandum Decision, the Arizona Court of Appeals granted review, but denied relief finding that Petitioner's December 2011 PCR petition failed to comply with Rule 32.5 and, thus, the Court found "no error in the trial court's decision to strike Petitioner's petition and dismiss the proceedings." (Exh. P at ¶ 7.) And, on July 25, 2014, the Arizona Supreme Court denied review. (Exh. Q.)

Therefore, because the trial court struck Petitioner's PCR petition on May 24, 2012, finding that it did not conform to the requirements of Rule 32.5, it was not "properly filed" within the meaning of section 2244(d)(2), and could not statutorily toll the limitations period. Accordingly, the limitations period commenced on December 19, 2011, was not tolled and expired one year later, on December 19, 2012.[2] Petitioner filed the instant habeas petition over two-and-a-half years after the 1-year limitations period expired. The Petition is therefore untimely.

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When

---

[2] Although the record is unclear, it is apparent that Petitioner filed multiple pleadings and requests for extensions of time to file his amended PCR petition. The Court assumes that the trial court gave Petitioner until December 19, 2011, to re-file his PCR petition.

- 7 -

1 external forces, rather than a petitioner's lack of diligence, account for the failure to file a
2 timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
3 Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must
4 establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
5 extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also
6 establish a "causal connection" between the extraordinary circumstance and his failure to file
7 a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.
8 2007).

9 Petitioner fails to assert a valid reason for the untimeliness of his habeas petition in
10 either of his responsive pleadings, and therefore demonstrates no entitlement to equitable
11 tolling. And, Petitioner's *pro se* status, indigence, limited legal resources, ignorance of the
12 law, or lack of representation during the applicable filing period do not constitute
13 extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448
14 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not,
15 by itself, an extraordinary circumstance warranting equitable tolling.").

16 Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is
17 untimely.

## CONCLUSION

19 Having determined that Petitioner's habeas petition is untimely, the Court will
20 recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and
21 dismissed with prejudice.

22 **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
23 Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
24 **PREJUDICE**;

25 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
26 to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is
27 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
28 debatable.

1    This recommendation is not an order that is immediately appealable to the Ninth
2 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3 Appellate Procedure, should not be filed until entry of the district court's judgment. The
4 parties shall have fourteen days from the date of service of a copy of this recommendation
5 within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);
6 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
7 days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of
8 Civil Procedure for the United States District Court for the District of Arizona, objections
9 to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure
10 timely to file objections to the Magistrate Judge's Report and Recommendation may result
11 in the acceptance of the Report and Recommendation by the district court without further
12 review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure
13 timely to file objections to any factual determinations of the Magistrate Judge will be
14 considered a waiver of a party's right to appellate review of the findings of fact in an order
15 or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72,
16 Federal Rules of Civil Procedure.

17    DATED this 30th day of November, 2015.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge