NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Edward Rodriguez,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-15-01445-PHX-SRB<br><br>**ORDER** |

Petitioner filed his Petition for Writ of Habeas Corpus on July 28, 2015 raising 11 claims for relief. Respondents filed their Limited Answer to Petition for Writ of Habeas Corpus on September 10, 2015. Petitioner filed a Reply on October 14, 2015. The Magistrate Judge issued her Report and Recommendation on November 30, 2015 recommending that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice because it was untimely. Petitioner filed his Objections to the Report and Recommendation on December 21, 2015.

Petitioner raised eight objections but only three of those objections addressed the issue of timeliness and the eighth objection is an objection to the recommendation for denial of a certificate of appealability. Objection IV states that it is to the Magistrate Judge's finding "because the trial court struck Petitioner's PCR Petition on May 24, 2012, finding that it did not conform to the requirements of Rule 32.5, it was not 'properly filed' within the meaning of section 2244(d)(2) and could not statutorily toll the limits period. Accordingly, the limitations period commenced on December 19, 2011,

was not tolled and expired one year later on December 19, 2012." Plaintiff argues that he received ineffective assistance of counsel that lead to the untimely habeas petition. The text of Objection IV complains about the advice or lack of advice given to him by his appointed counsel on his state Post-Conviction Relief proceedings, Ms. Ohanesian.

Objection V is to the Magistrate Judge's finding that his Petition was untimely. Petitioner argues that his Petition was timely and the Magistrate Judge's finding was erroneous. Petitioner argues that, because his state court petition filed on December 19, 2011 was timely, its later striking did not affect the tolling of the statute of limitations. Petitioner's Objection VII argues that the Magistrate Judge's finding that the striking of his Post-Conviction Relief Petition on May 24, 2012 resulted in a not properly filed state court petition and could not statutorily toll the statute of limitations was a vague finding and requires absurd results. In Objection VIII Petitioner objects to the recommendation of denying a Certificate of Appealability because, according to Petitioner, the Report and Recommendation was vague as to the basis of the procedural bar, his Petition was timely, and equitable tolling was applicable.

In a nutshell what happened here was that Petitioner filed a timely state court Notice of Post-Conviction Relief on September 9, 2009, tolling the one-year statute of limitations provided in 28 U.S.C. § 2255(d)(1). Petitioner's appointed counsel filed a Notice of Completion on July 18, 2010 stating that she was unable to find any claims for relief. Petitioner was then afforded the opportunity to file his own pro se petition which he did on February 1, 2011.

Petitioner's February 1, 2011, Post-Conviction Relief Petition was struck by the state court because it did not comply with requirements of Rule 32.5 of the Arizona Rules of Criminal Procedure. The state court, however, allowed Petitioner the opportunity to refile his pro se Post-Conviction Relief Petition in compliance with the Rules of Criminal Procedure. The limitations period remained tolled until the date Petitioner was given to file his Post-Conviction Relief Petition in compliance with the rules. Petitioner filed a Post-Conviction Relief Petition on December 19, 2011 but it too was later struck because

it failed to comply with Rule 32.5, Ariz. R. Crim. P.  After striking the Petition the state court dismissed Petitioner's Post-Conviction Relief proceedings on May 24, 2012.  That dismissal was upheld on appeal to the Arizona Court of Appeals on October 30, 2013.

The Court agrees with the finding of the Magistrate Judge that because the state court struck Petitioner's Post-Conviction Relief Petition and dismissed the Post-Conviction Relief proceedings on May 24, 2012, his state court Petition was not "properly filed" within the meaning of Section 2244(d)(2) and could not statutorily toll the limitations period.  The period, therefore, commenced on December 19, 2011 and expired on December 19, 2012.  Petitioner's Petition before this Court filed over 2 1/2 years later is untimely.

This Court can consider this habeas petition only if the one-year limitations period is equitably tolled. The Court agrees with the Magistrate Judge that Petitioner failed to assert any valid reason for the untimely filing for his habeas petition in either of his responsive pleadings and demonstrated no entitlement to equitable tolling. In his objections, Petitioner addresses the issue of equitable tolling arguing that his counsel did not give him proper advice, he diligently pursued his rights and his claim, and that there is a presumption in favor of equitable tolling. Petitioner's objections are not well taken. When Petitioner's timely filed his Notice of Post-Conviction Relief counsel was appointed.  Counsel filed a Notice of Completion. Counsel was not responsible for either the February 1, 2011 Petition or the December 19, 2011 Petition that were both struck by the state court because they did not comply with Rule 32.5, Ariz. R. Crim. P. These were *pro se* petitions filed by Petitioner after his legal counsel was unable to find any claims to raise in Post-Conviction Relief proceedings.  The order of the state court striking the February 1, 2011 petition specifically advised Petitioner of the reasons it was struck, advised him of the page limitation on any newly filed petition and advised Petitioner what had to be included in the petition.  Petitioner's counsel was not involved in the filing of the non-compliant December 19, 2011 petition. While Petitioner may have shown that he pursued his rights diligently, he has failed to show that any extraordinary

circumstance stood in his way.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Court agrees with the Magistrate Judge that Petitioner has failed to show entitlement to equitable tolling.

Petitioner's Objection to the Recommendation for the denial of a Certificate of Appealability is also not well taken.  The Magistrate Judge's Report is not vague as to the basis of the procedural bar.  The basis of the procedural bar was the untimely filing of the petition in this court.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED that the Petition under 28 U.SC. § 2254 for Writ of Habeas Corpus by a Person in State Custody is denied and dismissed with prejudice.

IT IS FURTHER ORDERED denying a Certificate of Appealability because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 13th day of January, 2016.

_____
Susan R. Bolton
United States District Judge

- 4 -